**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  12-3624

UNITED STATES OF AMERICA

v.

WILLIAM BROWN,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 1-12-cr-00238-001)
District Judge:  Honorable Joseph E. Irenas

Submitted under Third Circuit LAR 34.1(a)
on May 10, 2013

Before:  SLOVITER, FUENTES and ROTH, Circuit Judges

(Opinion filed May 29, 2013)

O P I N I O N

**ROTH,** Circuit Judge:

Counsel for William Brown has filed a motion to withdraw from the case and has

submitted a brief to support this appeal.  Pursuant to *Anders v. California,* 386 U.S. 738,

87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel argues that there are no non-frivolous issues that can be raised on appeal by Brown. Brown was given a copy of the motion and the brief with the notice that he could file a *pro se* brief. He elected not to do so.

On April 5, 2012, William Brown entered into a negotiated guilty plea before the District Court for two counts of conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349 and conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1957 and 1956(h). The advisory guidelines for these offenses range from 108 to 135 months imprisonment based upon a total offense level of 31. At sentencing, the District Court adjusted the offense level to 26, a range from 63 to 78 months of imprisonment, factoring Brown's lesser involvement in the conspiracy, his close family involvement, and his otherwise good character. On September 6, 2012, the District Court sentenced Brown to 66 months of imprisonment, three years of supervised release, and restitution of $9,252,575.94.

After reviewing counsel's *Anders* brief, we conclude that this case does not raise any non-frivolous issues. Therefore, we will affirm the District Court's sentence and we will also grant counsel's motion to withdraw.

We adhere to a twofold inquiry when analyzing *Anders* briefs. *United States v. Youla,* 241 F.3d 296, 300 (3d Cir. 2001). This inquiry consists of the following: "(1) whether counsel adequately fulfilled the rule's requirements, and (2) whether an independent review of the record presents any nonfrivolous issues." *Id.* Regarding the first issue, we find that counsel's brief is adequate. When an attorney submits an *Anders*

brief, his or her duties are (1) to demonstrate to the court that he has thoroughly examined the record for appealable issues, and (2) to demonstrate that the issues are frivolous. *Id.* In attending to his or her duties "[c]ounsel need not raise and reject every possible claim." *Id.* Counsel needs only to satisfy the "conscientious examination" standard set forth in *Anders. Id.* We are satisfied that counsel has met this standard. He diligently searched the record for any potential appealable issues arising from the plea proceeding and the sentencing proceeding and supported his claims of frivolousness with citations to relevant case law. Thus, the *Anders* brief inquiry turns on our independent search of the record. *Id.*

When an *Anders* brief appears adequate on its face, our independent examination of the record is to be guided by the *Anders* brief itself. *Youla,* 241 F.3d at 301. Counsel raises three possible issues for review of a guilty plea in his *Anders* brief: (1) whether the District Court had jurisdiction over Brown, (2) whether the District Court conducted a sufficiently thorough plea hearing in order to ensure that the plea was knowing, intelligent and voluntary, and (3) whether the sentence was improper. On the basis of our review, we agree that all three issues are without merit, and hence frivolous.

Here, jurisdiction in the District Court properly arose under 18 U.S.C. § 3231 because Brown committed an offense against the United States. Additionally, appellate jurisdiction for this court properly arises under 28 U.S.C. § 1291.

As to the guilty plea, Brown entered into the negotiated agreement knowingly, intelligently, and voluntarily. *See Bradshaw v. Stumpf*, 545 U.S. 175 (2005). The

3

District Court carefully explained to Brown his rights and the ramifications of entering a plea of guilty. The District Court also confirmed that Brown was mentally competent, was not under to influence of any medication or other substance, and that he understood the nature of the proceedings. Therefore, the record clearly supports the finding that Brown made a knowing, intelligent, and voluntary waiver.

As to sentencing, again there was no error. The District Court fully complied with Rule 32 of the Federal Rules of Criminal Procedure. Furthermore, the District Court identified the correct guideline range, examined relevant sentencing factors under 18 U.S.C. § 3553(a), and afforded Brown with the opportunity to request a departure and variance of his sentence due to extraordinary circumstances involving the heath of his wife. *See United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007). Accordingly, the District Court adjusted the recommended guideline range downward to account for the positive factors in Brown's life. The District Court ultimately sentenced Brown to the lower end of the adjusted guideline range. We find no error with this sentencing procedure used by the District Court. Any argument that the sentencing process was illegal would be frivolous.

After our independent examination of the record, we find that there are no non-frivolous issues that could be raised on appeal. Thus, we will affirm the District Court's judgment of sentence and we will grant counsel's motion to withdraw.

4